IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLIFTON W. PANOS,<br><br>            Plaintiff,<br><br>vs.<br><br>THE SUPREME COURT OF UTAH, CHIEF JUSTICE DURHAM, ASSOC. CHIEF JUSTICE WILKINS, JUSTICE DURRANT, JUSTICE PARRISH, JUSTICE NEHRING, and SPECIAL MASTER ATHERTON,<br><br>           Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:05-CV-950 TC |

      On November 26, 2005, *pro se* Plaintiff Clifton W. Panos filed an Ex Parte Motion for Temporary Restraining Order, seeking to enjoin the Defendants from "enforcing any of their orders entered against Plaintiff" and "punishing Plaintiff for contempt for the nonobservance of any such orders. . . ." (Docket No. 6 at 1-2.)

      The standards for issuance of a temporary restraining order (TRO) and a preliminary injunction are essentially the same. To obtain a TRO, Mr. Panos must establish that (1) he has a substantial likelihood of prevailing on the merits, (2) he will suffer irreparable injury if he is denied the injunction, (3) his threatened injury outweighs the injury the opposing party will suffer under the injunction, and (4) issuing the injunction would not be adverse to the public interest. Flying Cross Check, LLC v. Central Hockey League, Inc., 153 F. Supp. 2d 1253, 1258 (D. Kansas 2001) (citing City of Chanute v. Kansas Gas & Elec. Co., 754 F.2d 310, 313 (10th Cir.

1985)).

The court has reviewed Mr. Panos' motion and memorandum in support. Nothing in his papers supports his request. Accordingly, his request for a TRO is DENIED.

IT IS SO ORDERED this 7th day of December, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge